FILED
2007 Jun-04 AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CASSANDRA ELLINGTON,** | ) | |
| **PLAINTIFF,** | ) | |
| **VS.** | ) | **2:06-cv-00086-JHH** |
| **STEVENS GRAPHICS, INC.,** | ) | |
| **DEFENDANT.** | ) | |

## MEMORANDUM OPINION

The court has before it the motion (doc. # 14) for summary judgment of Stevens Graphics, Inc. ("SGI"), which was timely filed on April 30, 2007.

Plaintiff Cassandra Ellington ("Ellington") commenced this action by filing a complaint in this court on January 12, 2006, alleging that her former employer, defendant SGI, violated the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act ("Title VII"). (See generally Compl.) On April 30, 2007, defendant filed a brief and evidence[1] in support of its motion for summary judgment. (See Doc. # 14 and attachments.) Plaintiff failed to file any brief or evidence in

---

[1] Defendant SGI submitted: the deposition of Cassandra Ellington, with selected exhibits and the declaration of Dennis B. Adams II, with exhibits.

1

opposition to defendant's motion (doc. # 14) for summary judgment.[2]  In accordance with the court's May 1, 2007 order (doc. # 15) the motion (doc. # 14) for summary judgment came under submission on May 30, 2007.

The court has reviewed the motion for summary judgment (doc. # 14), the memorandum of law in support of the motion for summary judgment (doc. # 14-1), and the referenced portions of the evidentiary material filed in support of the motion for summary judgment (doc. # 14-2).  The court finds that the statement of facts as set forth on pages 4- 24 of the memorandum of law (doc. # 14-1) is amply supported by the record evidence.  Therefore, SGI has carried its burden of demonstrating the absence of any material factual dispute and that it is entitled to judgment as a matter of law as to all claims asserted in the complaint.

---

[2] This was not the first court order to which plaintiff failed to respond.  She did not supplement the complaint with certain Equal Employment Opportunity Commission ("EEOC") documents as ordered on February 28, 2006.  (See Doc. # 7.)  She did not submit a proposed pretrial order to the court as instructed first on April 3, 2007 and again on May 8, 2007.  (See generally Docs. # 13, 17.)  She did not submit a final list of trial witnesses and exhibits as required by the Scheduling Order.  (See Doc. # 10.)  She failed to appear (and failed to inform the court that she would not appear) at the scheduled May 30, 2007 pretrial conference.  (See Docs. # 13, 17.)  Moreover, Chris Mitchell and Robert Thomas, attorneys for SGI, appeared at the May 30, 2007 pretrial conference and informed the court of numerous unsuccessful attempts to communicate with plaintiff's counsel regarding the scheduled pretrial conference and the draft of a proposed pretrial order required by the court's order (see attachment to doc. # 13) to be supplied by him to the court and counsel four working days prior to the May 30, 2007 pretrial conference.

A separate order will be entered. The clerk of the court is directed to mail a copy of this memorandum opinion and the accompanying order to plaintiff's counsel.

**DONE** this the   4th   day of June, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE